**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 11-170** |
| **GALVIN J. JENNINGS** | **SECTION I** |

## ORDER AND REASONS

Before the Court are defendant Galvin J. Jennings's ("Jennings") objections[1] to the supervised release dispositional report[2] ("dispositional report"). The government responded[3] in opposition to Jennings's objections. For the following reasons, Jennings's objections are overruled.

## I. BACKGROUND

On February 9, 2012, Jennings pleaded guilty to distributing more than 28 grams of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B).[4] He was sentenced to 120 months of incarceration followed by eight years of supervised release.[5] Jennings began his supervised release on April 10, 2019.[6] The government alleges that, since then, Jennings has committed numerous violations of the terms of his supervised release. The United States Probation Office filed three 12C petitions on October 14,

---

[1] R. Doc. No. 98.
[2] R. Doc. No. 94. The United States Probation Office filed an amended dispositional report on September 22, 2026. R. Doc. No. 101. The amended dispositional report does not alter any of the classifications to which Jennings objects.
[3] R. Doc. No. 99.
[4] R. Doc. No. 26, at 1.
[5] *Id.* at 2–3.
[6] R. Doc. No. 94, at 1; R. Doc. No. 101, at 1.

2025,[7] December 3, 2025,[8] and January 2, 2026,[9] and the government filed corresponding motions to show cause.[10] The dispositional report alleges that Jennings was charged in Louisiana state court with resisting an officer, La. Rev. Stat. § 14:108, submitted a positive drug test, failed to inform his probation officer of a speeding ticket, was charged in Louisiana state court with possession with the intent to distribute cocaine, La. Rev. Stat. §§ 40:967(A), (B)(1)(a), pleaded no contest in Louisiana state court to possession of cocaine, La. Rev. Stat. § 40:967(C)(2), and was charged in Louisiana state court with possession of a firearm by a felon, La. Rev. Stat. § 14.95.1, and use of or possession with the intent to use drug paraphernalia, La. Rev. Stat. § 40.1023(C).[11] The dispositional report classifies his conviction for possession of cocaine as a Grade A violation and his charge for possession of a firearm by a felon as a Grade B violation.[12] Jennings's most serious violation of the terms of his supervised release is a Grade A violation, and his criminal history category is III.[13] This results in a sentence guideline of thirty to thirty-seven months.[14] U.S.S.G. § 7C1.5.

On September 2, 2026, Jennings, represented by counsel, appeared for a revocation hearing before this Court.[15] The Court continued the hearing to give

[7] R. Doc. No. 33.
[8] R. Doc. No. 49.
[9] R. Doc. No. 61.
[10] R. Doc. Nos. 46, 56, 67.
[11] R. Doc. No. 94, at 1–3; R. Doc. No. 101, at 2–3.
[12] *Id.*
[13] R. Doc. No. 102, at 3.
[14] R. Doc. No. 95, at 3.
[15] *See* R. Doc. No. 96.

Jennings time to "file into the record any objections to the classification of the defendant's prior offense as a Grade A felony."[16] Jennings has filed three objections to the dispositional report.[17]

First, Jennings argues that his conviction for possession of cocaine is a Grade B, not a Grade A, violation, because it is not a "controlled substance offense" pursuant to the United States Sentencing Guidelines ("Sentencing Guidelines").[18] Second, Jennings objects that his charge for possession of a firearm by a felon is not a Grade B violation,[19] because it was later dismissed.[20] He argues that the charge is instead a Grade C violation.[21] Finally, Jennings argues that the conviction that resulted in his present term of supervised release is not a Class A felony, because the possibility of a life sentence was only due to a sentencing enhancement under 21 U.S.C. § 851.[22] If Jennings's objections were granted, his most serious violation would be a Grade B violation, making his guideline sentence eight to fourteen months.[23]

## II. LAW AND ANALYSIS

### a. Objections to Violation Grades

Jennings objects to the grading of two of his alleged violations of the terms of his supervised release: his conviction for possession of cocaine pursuant to La. Rev.

---

16 *Id.*
17 R. Doc. No. 98.
18 *Id.* at 1–3.
19 *Id.* at 3–4.
20 *Id.* at 3; R. Doc. No. 94, at 3; R. Doc. No. 101, at 2.
21 R. Doc. No. 98, at 4.
22 *Id.*
23 *See generally id.*

Stat. § 40:967(C)(2), and his charge for possession of a firearm by a felon pursuant to La. Rev. Stat. § 14.95.1. The Court overrules the first objection and declines to reach the second.

It is a mandatory term of supervised release "that the defendant not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). The Court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." *Id.* § 3583(e)(3). "When making factual findings for sentencing purposes, district courts 'may consider any information which bears sufficient indicia of reliability to support its probable accuracy.'" *United States v. Jones*, No. 22-30633, 2024 WL 4481853, at *3 (5th Cir. Oct. 14, 2024) (per curiam) (quoting *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (per curiam)); *see also United States v. Oyervides*, No. 21-50844, 2022 WL 780424, at *2 (5th Cir. Mar. 14, 2022) (per curiam) ("[A] district court may generally consider any evidence in support of a petition to revoke supervised release."). When there is "a bare allegation of a new law violation contained in a revocation petition," the allegation in that petition must be "supported by evidence adduced at the revocation hearing or contain[] other indicia of reliability, such as the factual underpinnings of the conduct giving rise to the arrest." *United States v. Foley*, 946 F.3d 681, 687 (5th Cir. 2020).

Under § 7C1.1(a) of the Sentencing Guidelines, there are different categories of supervised release violations. Grade A violations are the most serious, and they encompass, in part, "conduct constituting . . . a federal, state, or local offense

punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense." U.S.S.G. § 7C1.1(a)(1). Grade B violations are "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." *Id.* § 7C1.1(a)(2).

The commentary to § 7C1.1 explains that "[t]he grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7C1.1 cmt. 1; *see also*, *United States v. Abston*, 152 F. App'x 880, 883 (11th Cir. 2005) (per curiam) ("Because Grade A violations are to be determined based on actual conduct, it is immaterial whether the state of Louisiana vacated Abston's conviction."); *United States v. Grays*, 175 F.4th 967, 969 (8th Cir. 2026) ("The grade of a supervised release violation turns on the defendant's actual conduct, not the elements of his offense."); *United States v. Hinz*, No. 25-2118, 2026 WL 2350243, at *3 (7th Cir. Aug. 13, 2026) (per curiam) (finding that the court could consider "charges from the 2025 state case involving bail jumping and possession of methamphetamine even though they had been dismissed" during a revocation hearing).

*1. Objection to Possession of Cocaine as a Grade A Violation*

Jennings challenges the categorization of his conviction for possession of cocaine as a Grade A violation. On December 23, 2025, Jennings was arrested for possession with intent to distribute less than 28 grams of cocaine, La. Rev. Stat.

§ 40:967(A), and the case proceeded in the 21st Judicial District Court.[24] Jennings contends that while he was initially arrested for a possession with intent to distribute offense, that is not the charge to which he later pleaded no contest.[25] Instead, Louisiana amended the charges, and he was convicted of possession of cocaine, La. Rev. Stat. § 40:967(C)(2),[26] on August 18, 2026.[27]

Jennings argues that his conviction under La. Rev. Stat. § 40:967(C)(2) does not qualify as a Grade A violation because possession of cocaine is not a controlled substance offense. To qualify as a "controlled substance offense" for the purposes of the Sentencing Guidelines, the offense must be one that is "punishable by imprisonment for a term exceeding one year, that . . . prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. §§ 4B1.2(b)(1), 7C1.1 cmt. 3. Jennings does not deny that he possessed cocaine.[28] His claim is that he did not plead guilty to "a violation involving distribution or with the intent to distribute."[29] He is factually correct, but this does not change his actual conduct, and therefore, his violation grade.

---

[24] R. Doc. No. 94, at 2; R. Doc. No. 101, at 2–3; R. Doc. No. 98, at 1.
[25] R. Doc. No. 98, at 1. Jennings later states that he pleaded guilty to this offense. *Id.* at 3. Regardless of which assertion is correct, it does not impact the Court's analysis of his actual conduct.
[26] *Id.*
[27] R. Doc. No. 94, at 1; R. Doc. No. 101, at 3; R. Doc. No. 98, at 3.
[28] *See* R. Doc. No. 98, at 3.
[29] *Id.*

The dispositional report guides the Court's analysis. According to the dispositional report, "a drug task force . . . conducted a controlled purchase of 'crack' cocaine from Jennings using a confidential informant."[30] Jennings stipulated to this conduct.[31] Pursuant to La. Rev. Stat. § 40:967(A)(1), it is unlawful for a person to "knowingly or intentionally . . . produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance." A violation of La. Rev. Stat. § 40:967(A)(1) is a controlled substance offense, because it is a state offense that is punishable by a term of incarceration of more than one year that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *See* U.S.S.G. § 4B1.2(b)(1).

Jennings admits to possessing cocaine and selling it to a confidential informant, so the Court finds by a preponderance of the evidence that he had the requisite mental state and took the necessary actions to violate La. Rev. Stat. § 40:967(A)(1). *See Louisiana v. Alexander*, No. 2011 KA 1607, 2012 WL 1580957, at *4 (La. Ct. App. May 4, 2012) ("[I]t is well settled that intent to distribute may be inferred from the circumstances."). Jennings therefore committed a "controlled substance offense" pursuant to the Sentencing Guidelines.

---

[30] R. Doc. No. 94, at 2. R. Doc. No. 101, at 3.

[31] R. Doc. No. 100. Though at the time Jennings stipulated to these facts the amended dispositional report, R. Doc. No. 101, was not yet filed, the statement he stipulated to is identical in both versions of the dispositional report. *Compare* R. Doc. No. 94, at 2, *with* R. Doc. No. 101, at 3.

Jennings's only argument is that he pleaded no contest to the lesser crime of possession of cocaine, La. Rev. Stat. § 40:967(C).[32] But the grade of the violation is determined by his *actual conduct*. Because the dispositional report provides sufficient factual detail alleging that Jennings violated La. Rev. Stat. § 40:967(A)(1) and Jennings stipulated to those facts, the Court finds by a preponderance of the evidence that his conduct constitutes a Grade A violation. The Court therefore overrules Jennings's objection.

*2. Objection to Possession of a Firearm by a Felon Charge as a Grade B Violation*

Jennings next objects to the classification of the charge for possession of a firearm by a felon, La. Rev. Stat. § 14.95.1, as a Grade B violation. Under the Sentencing Guidelines, "[w]here there is more than one violation of the conditions of supervised release, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7C1.1(b). Because the Court has already determined that Jennings committed a Grade A supervised release violation, the Court declines to decide whether he also committed a less serious Grade B supervised release violation.

**b. Objection to Conviction of a Class A Felony**

A "revocation sentence is based on the classification of the underlying offense that resulted in the imposition of the term of supervised release." *United States v. Garza*, 514 F. App'x 509, 510 (5th Cir. 2013) (per curiam). Unless "specifically classified by a letter grade in the section defining it," an offense is a Class A felony "if

[32] R. Doc. No. 98, at 1.

the maximum term of imprisonment authorized is . . . life imprisonment, or if the maximum penalty is death." 18 § U.S.C. 3559(a)(1). A defendant is subject to an increased guideline sentence for a violation of the terms of his supervised release if he is on supervised release for a Class A felony. U.S.S.G. § 7C1.5.

Jennings argues that 18 U.S.C. § 3559(a) "specifically applies to offenses," and that "[t]he enhancement under 21 [U.S.C. §] 851 is not an offense but creates an increased sentencing range once the Government files the notice and the enhancement is upheld by the court."[33] For his part, Jennings offers no authority for the position that an underlying offense should be considered separate from its sentencing enhancement, conceding that "I have not found a case after much research that actually states that the enhancement should or should not be included in the class of felony."[34]

Jennings's argument is contrary to Fifth Circuit case law. In *Garza*, the Fifth Circuit held that the defendant's "underlying offense qualified as a Class A felony." 514 F. App'x at 510. The Court recognized that:

> [the defendant] was convicted for a drug conspiracy under 21 U.S.C. §§ 846 and 841(b)(1)(B), which ordinarily would carry a statutory maximum sentence of 40 years of imprisonment. However, because the Government provided notice of his earlier felony drug conviction as required by 21 U.S.C. § 851, his 'maximum term of imprisonment authorized' under § 841(b)(1)(B) increased to life."

---

[33] *Id.* at 4 (emphasis in original).

*Id.* (quoting 18 § U.S.C. 3559(a)).[35] As such, this Court finds that, for the purposes of 18 § U.S.C. 3559(a), an offense is classified by its maximum possible term of imprisonment, enhancements included.

Applying this principle, Jennings committed a Class A felony. Pursuant to the version of § 841(b)(1)(B) Jennings violated in 2012, the statutory maximum sentence without any enhancements was forty years. 21 U.S.C. § 841(b)(1)(B) (2010). If the defendant was convicted of a prior "felony drug offense,"[36] the maximum possible sentence was life imprisonment. *Id.* Without enhancements, Jennings would have been sentenced to five to forty years of incarceration. *See id.* However, the government filed a bill of information stating that he had been convicted of a previous drug offense on March 7, 2007, which made him eligible for enhanced sentencing pursuant to 21 U.S.C. § 851(a)(1).[37] Jennings admitted to this prior conviction in his plea agreement.[38] He also agreed that the maximum penalty he was subject to was life imprisonment.[39] He therefore agreed that he was pleading guilty to a Class A felony pursuant to 18 § U.S.C. 3559(a). Accordingly, the Court overrules his objection.

## III. CONCLUSION

For the foregoing reasons,

---

[35] Though this is a nonprecedential Fifth Circuit opinion, *see* 5th Cir. R. 47.5.4, the Court finds that its reasoning is compelling as applied to the facts of this case, and the Court adopts that reasoning herein.

[36] The current version of 21 U.S.C. § 841(b)(1)(B) changes this language to "a prior conviction for a serious drug felony or serious violent felony." Jennings does not argue that the language in the current statute alters the felony class of his offense.

[37] R. Doc. No. 11, at 1–2.

[38] R. Doc. No. 14, at 1.

[39] *Id.* at 2.

**IT IS ORDERED** that Jennings's objections to the dispositional report are **OVERRULED.**

New Orleans, Louisiana, September 24, 2026.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**